UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
DL ENTERPRISES, INC., d/b/a         )
EAST BAY TAVERN,                    )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 14-348
                                    )
CITY OF EAST PROVIDENCE             )
CITY COUNCIL; JAMES A. BRIDEN,      )
CHAIRMAN; THOMAS ROSE; CHRISTINE    )
ROSSI; HELDER J. CUNHA; AND TRACY   )
A. CAMPOBIANO, ACTING AS LICENSING  )
COMMISSIONERS FOR THE CITY OF EAST  )
PROVIDENCE, BOARD OF LICENSES,      )
                                    )
        Defendants.                 )
                                    )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Defendants move for summary judgment. (ECF No. 6.) For the reasons that follow, that motion is denied, and the case is remanded to Rhode Island Superior Court.

In February 2014, a fight occurred at Plaintiff's establishment in East Providence, Rhode Island. (See Defs.' Statement of Undisputed Facts ¶ 1, ECF No. 7.) This incident prompted the East Providence City Council ("City Council") to revoke the establishment's liquor license. (Id. at ¶ 2.) Plaintiff appealed that decision to the Rhode Island Department of Business Regulation ("DBR") and moved for a stay pending

appeal. (Id. at ¶ 3.) The DBR granted Plaintiff's motion and remanded the matter to the City Council for a hearing on the imposition of any proper public-safety conditions on the liquor license. (Id. at ¶¶ 3-4.) At the hearing, the City Council voted to revoke Plaintiff's entertainment license as a permanent public-safety condition on the liquor license. (Id. at ¶ 6.) The City Council determined that the fight "emanated from" the live entertainment at the establishment. (Id.) Plaintiff appealed to the DBR and moved for a stay of the revocation of the entertainment license. (Id. at ¶ 7.) The DBR denied the motion and dismissed the appeal. (Id.)

Plaintiff filed suit against Defendants, the City Council and its members, in Rhode Island Superior Court, alleging procedural due process violations as a result of insufficient and inadequate notice and seeking reinstatement of its entertainment license. Specifically, Plaintiff alleges that it was never notified that the entertainment license could be revoked because it was at all times under the impression that only the liquor license was at stake. (See Compl. ¶ 10, ECF No. 1-2.) Defendants removed the case to this Court. (ECF No. 1.) They now move for summary judgment.

In their motion, Defendants argue that, because Plaintiff failed to exhaust its procedural due process claim, Defendants are entitled to summary judgment. Defendants are right about

2

one thing: Plaintiff indeed failed to exhaust its state remedies. Before Plaintiff can have its procedural due process claim relating to the license-revocation proceeding reviewed in federal court, it needs to exhaust state remedies with respect to that claim. See D'Ambra v. City of Providence, 21 F. Supp. 2d 106, 109 (D.R.I. 1998). At present, Plaintiff has not exhausted its state remedies with respect to this claim. Accordingly, the Court cannot adjudicate it at this juncture.

The failure to exhaust state remedies does not, however, entitle Defendants to summary judgment (or any other judgment on the merits) because this failure renders the claim unripe, not meritless. See Gamble v. Eau Claire City, 5 F.3d 285, 286 (7th Cir. 1993) ("[A] federal claim is unripe until state remedies are exhausted."). "If a claim is unripe, federal courts lack subject matter jurisdiction" to adjudicate it. Ernst & Young v. Depositors Econ. Prot. Corp., 862 F. Supp. 709, 717 (D.R.I. 1994); see also Verizon New England, Inc. v. Int'l Bd. of Elec. Workers, Local No. 2322, 651 F.3d 176, 188 (1st Cir. 2011) ("Ripeness is an Article III jurisdictional requirement[.]"). Because this Court lacks subject matter jurisdiction over this claim, the case must be remanded to Rhode Island Superior Court.[1]

---

[1] The parties squabble over the procedure that Plaintiff must follow in order to properly exhaust its state remedies: Defendants assert that Plaintiff was required to seek a writ of certiorari from the Rhode Island Supreme Court, while Plaintiff

See 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Perfect Puppy, Inc. v. City of E. Providence, ___ F. Supp. 3d ___, C.A. No. 14-257 S, 2015 WL 1474560, at *7-8 (D.R.I. March 31, 2015).

For these reasons, the Defendant's motion for summary judgment is DENIED, and this case is REMANDED to Rhode Island Superior Court.

IT IS SO ORDERED:

/s/ William E. Smith

William E. Smith
Chief Judge
Date:   September 22, 2015

---

contends that its suit in Superior Court was the appropriate avenue.  (See Defs.' Mot. 1, ECF No. 6-1; Pl.'s Opp'n 3, ECF No. 8.1.)  This question is for the Superior Court, not this Court, to resolve.  Irrespective of the precise state court to which Plaintiff must bring its claim, the salient fact for purposes of Defendants' motion is that Plaintiff has not yet exhausted its state remedies and that, consequently, the claim is unripe.

4